IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.          No. CR 12-2619 RB

GILDARDO MAJALCA-AGUILAR,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Reconsideration for Reduction of Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) & 994(o), filed on June 23, 2017. (Doc. 281.) The Court acknowledges Mr. Majalca-Aguilar's hard work in developing his skills and improving his well-being and encourages him to continue working toward a successful transition after his term of incarceration ends. However, having reviewed the Motion, the record, and the applicable law, the Court finds the Motion is not well-taken and will be **denied**.

**I.    Background**

On March 29, 2013, Mr. Majalca-Aguilar pled guilty to Counts 1, 2, 4, and 6–8 of an Indictment charging as follows: Count 1: 21 U.S.C. § 846: Conspiracy to possess with intent to distribute 50 grams and more of methamphetamine, in violation of §§ 841(a)(1) and (b)(1)(A); Counts 2, 6, and 8: 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Distribution of 50 grams and more of methamphetamine; 18 U.S.C. § 2: Aiding and Abetting; Count 4: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B): Distribution of 5 grams and more of methamphetamine; 18 U.S.C. § 2: Aiding and Abetting; and Count 7: 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A): Possession with intent to distribute 50 grams and more of methamphetamine; 18 U.S.C. § 2: Aiding and Abetting. (Docs. 151 at 2; 152.)

1

According to the Plea Agreement, Defendant was held responsible for 1,161.6 net grams of methamphetamine. (*See* Docs. 151 at 6; 173 at 2.) The parties agreed that Defendant was eligible to receive a two-level reduction for acceptance of personal responsibility pursuant to U.S.S.G. § 3E1.1(a), a one-level reduction pursuant to U.S.S.G. § 3E1.1(b), and a two-level increase as an organizer or leader pursuant to U.S.S.G. § 3B1.1. (*See* Docs. 151 at 6; 173 at 2.) "When negotiating the plea agreement, both parties believed that the defendant would ultimately end up at an offense level of 35 and a criminal history category of I, resulting in a sentencing guideline range of 168–210 months." (Doc. 173 at 4.)

The United States Probation Office prepared a Presentence Report (PSR)[1] in anticipation of Defendant's sentencing hearing. In calculating Defendant's offense level, the Probation Office added an additional two-level increase pursuant to U.S.S.G. § 2D1.1(b)(5) based on the fact that the methamphetamine was imported from Mexico. (*See* Doc. 173 at 2; PSR at 18, ¶ 64.) Defendant objected to the increase, arguing that it was not within the contemplation of the parties when Defendant signed the Plea Agreement, and regardless, there was no direct evidence that the methamphetamine was imported. (Doc. 171 at 4–5.) The Government contended that the two-level increase was simply overlooked and that it could prove the methamphetamine was imported from Mexico, but it agreed that the two-level increase pursuant to U.S.S.G. § 2D1.1(b)(5) was not within the contemplation of the parties when Defendant signed the Plea Agreement. (Doc. 173 at 2–5.) The Government stated that it would not object to the Court's determination that a two-level variance was appropriate. (*Id.* at 5.)

The Court sentenced Mr. Majalca-Aguilar to 168 months' imprisonment on August 23, 2013, and entered Judgment on August 28, 2013. (*See* Docs. 174; 175.) Mr. Majalca-Aguilar's

---

[1] All citations to the PSR are to the copy provided to the Court by the U.S. Department of Probation. The PSR has not been filed on CM/ECF.

sentence was based on an offense level of 37—but the Court granted a two point downward variance, recognizing that the parties did not agree to the two-level increase based on importation of the methamphetamine when they signed the Plea Agreement. (*See* Doc. 278 at 2:20–4:18.) As the Court explained at sentencing, the guideline range for an offense level 37 and criminal history category I was 210–262 months. (*Id.* at 8:1–7.) Applying the two-level variance to lower the offense level to 35 with criminal history category I, the guideline range was 168–210 months. (*Id.* at 10:24–11:2.) The Court sentenced Mr. Majalca-Aguilar to the low end of the range, 168 months. (*Id.*)

Mr. Majalca-Aguilar filed a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) on February 10, 2015, based on Amendment 782 to the United States Sentencing Guidelines. (Doc. 245.) On June 9, 2016, the Court dismissed Mr. Gutierrez's Motion for lack of jurisdiction, because "[u]nder the 2014 amendment Defendant's total offense level remains unchanged at 35[,]" and he was "not eligible for a modification of his sentence under 18 U.S.C. §3582(c)(2)." (Doc. 265.) Defendant appealed the Court's Order on June 22, 2016, and the Tenth Circuit dismissed his appeal on February 13, 2017. (Docs. 267; 280.) *See also United States v. Majalca-Aguilar*, 677 F. App'x 491 (10th Cir. 2017). Defendant now moves the Court to reconsider its order denying his motion to reduce sentence. (Doc. 281.)

## II.    Legal Standard

"When a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008) (quoting *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)). "Section 3582(c) provides that a 'court *may not* modify a term of imprisonment once it has been imposed except'

3

in three limited circumstances." *Smartt*, 129 F.3d at 540–41 (quoting 18 U.S.C. § 3582(c)) (subsequent citation omitted). "First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). "Second, a court may modify a sentence if such modification is 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(B)). "Finally, a court may modify a sentence if 'a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o).'" *Id.* (quoting 18 U.S.C. § 3582(c)(2)).

Mr. Majalca-Aguilar asserts that a modification is warranted based on Amendment 782 to the United States Sentencing Guidelines, which "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016) (quotation and subsequent citations omitted). (*See also* Doc. 281.) The Court construes Defendant's Motion, therefore, as one brought pursuant to 18 U.S.C. § 3582(c)(2).

### III. Analysis

The Court begins by noting that Defendant's Motion is untimely. *See United States v. Randall*, 666 F.3d 1238, 1240–41 (10th Cir. 2011). Moreover, the Court has already found that Mr. Majalca-Aguilar is not eligible for a reduction based on any of the factors enumerated in section 3582(c)(2). (*See* Doc. 265.) Even if his Motion were timely, Defendant has offered no reason, nor can the Court find one, that would give the Court cause to alter its previous decision.

The Tenth Circuit, in affirming the Court's earlier Order, acknowledged that Defendant's "applicable sentencing range was lowered by the Commission, decreasing the range's minimum from 210 months to 168 months." *Majalca-Aguilar*, 677 F. App'x at 492. But as the Tenth

Circuit observed, "the statute does not stop there. It goes on to add that a district court may modify a defendant's original sentence only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)(ii)). "[T]he relevant policy statement here, USSG § 1B1.10(b)(2)(A), expressly provides that (with one exception not relevant here) a court 'shall not' reduce a defendant's sentence below the amended guidelines range." *Id.* (quoting U.S.S.G. § 1B1.10(b)(2)(A)). Because the Court sentenced Mr. Majalca-Aguilar to 168 months, the low end of the sentencing range of 168–210 months, the Court is unable to further reduce the sentence under the statute.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Reconsideration for Reduction of Sentence Pursuant to Title 18 U.S.C. §3582(c)(2) & 994(o), (Doc. 281) is **DENIED**.

_____
**ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE**