IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            No. CR 12-2619 RB

GILDARDO MAJALCA-AGUILAR,

    Defendant.

## ORDER DENYING MOTION
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Defendant's Motion under § 3582(c)(2) Amendment 782, filed on May 21, 2018. (Doc. 291.) This is the fourth such motion Defendant has filed in this Court relating to his plea and sentence, all of which are based on the same ground— Defendant seeks to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. (*See* Docs. 245; 281; 289; 291.) The Court has denied each of Defendant's previous requests on the basis that Defendant is not eligible for a reduction under 18 U.S.C. § 3582(c)(2). (*See* Docs. 265; 287; 290.)

Defendant has also filed two appeals directly related to his motions. (*See* Docs. 267; 295.) The Tenth Circuit denied one of Defendant's appeals because he is "ineligible for any further sentence reduction[,]" and the second because it was untimely. (*See* Docs. 280-1 at 3; 298-1.)

Defendant now moves again for a sentence reduction on the same basis. (*See* Doc. 291.) Defendant offers no new authority that would change the Court's three previous decisions. (*See id.*; *see also* Doc. 294.) Accordingly, the Court will deny Defendant's Motion.

While the Court is mindful that Mr. Aguilar is incarcerated, acting *pro se*, and genuinely endeavors to shorten his sentence, the Court cannot grant him unfettered access to file countless

1

motions on the same subject. *See DePineda v. Hemphill*, 34 F.3d 946, 948–49 (10th Cir. 1994). Defendant's continued filing of meritless motions arising out of his plea and sentence constitutes an abusive pattern of litigation.

The Tenth Circuit has discussed the Court's power to impose filing restrictions, as well as the procedure to impose such restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the . . . court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome . . . as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati*, 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Defendant:

(1) Defendant may file documents by and through a licensed attorney who is admitted to practice before this Court and has appeared in this action and signed the documents to be filed.

(2) Defendant, acting *pro se*, may file motions asking the Court for permission to file a document, entitled "Defendant's Motion for Leave to File \_\_\_\_\_," with the title of the document he seeks leave to file filled in the blank. With the Motion for Leave to File, Defendant must attach a notarized affidavit certifying that, to the best of his knowledge, his motion is not frivolous or

2

made in bad faith, it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the motion is not made for any improper purpose such as delay or needless increase in the cost of litigation. Defendant must also attach to the Motion for Leave to File a copy of the document he seeks leave to file.

<u>The Clerk will be directed not to accept, and to return to Defendant without filing, any documents Defendant attempts to file in this matter other than in the manner described in the paragraphs above.</u>

**Defendant may file written objections to this Order to Show Cause. Defendant's objections must be postmarked no later than November 20, 2018. Defendant's objections must be entitled "Defendant's Objections to Proposed Filing Restrictions." If Defendant fails to timely mail objections complying with this Order, the Court will enter the proposed filing restrictions without further notice. If Defendant files timely objections complying with this Order, restrictions will take effect only on entry of a subsequent order ruling on the objections.**

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion under § 3582(c)(2) Amendment 782 (Doc. 291) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant shall mail any objections to this Order to Show Cause, complying with the directions in the bolded paragraph above, no later than November 20, 2018.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE