IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                 No. CR 12-2619 RB

GILDARDO MAJALCA-AGUILAR,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Mr. Majalca-Aguilar's Sealed Motion for Compassionate Release. (Doc. 313.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is well-taken and should be **granted**.

**I.    Background**

On March 29, 2013, Mr. Majalca-Aguilar pled guilty to Counts 1, 2, 4, and 6–8 of an Indictment charging: (1) conspiracy to possess with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and § 846; (2) three counts of distribution of 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and aiding and abetting, in violation of 18 U.S.C. § 2; (3) distribution of 5 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and aiding and abetting, in violation of 18 U.S.C. § 2; and (4) possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and aiding and abetting, in violation of 18 U.S.C. § 2. (*See* Docs. 151 at 2; 152.) The Court sentenced Mr. Majalca-Aguilar to 168 months imprisonment on August 23, 2013. (*See* Docs. 174; 175.)

Mr. Majalca-Aguilar has been in custody since October 2012 and has served approximately 103 months or 61% of his sentence. (*See* Doc. 313 at 17.) His anticipated release date is September 21, 2024. (*See id.*) *See also See* Federal Bureau of Prisons, www.bop.gov/inmateloc/. With goodtime credits, he has completed approximately 76% of his sentence. (*See* Doc. 313 at 17.)

Mr. Majalca-Aguilar, who is housed at CI Giles W. Dalby, now moves the Court under 18 U.S.C. § 3582(c)(1)(A)(i) to grant him compassionate release due to the COVID-19 pandemic. (Doc. 313 at 1–2.)

**II.     Discussion**

Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Majalca-Aguilar filed a request for compassionate release with the warden of CI Giles W. Darby on November 9, 2020. (*See* Doc. 313-A.) The warden acknowledged that Mr. Majalca-Aguilar provided evidence of extraordinary or compelling circumstances for compassionate release due to his medical conditions in the face of the pandemic, but he has "a detainer with the U.S. Immigration and Customs Enforcement (ICE) and [is] not a citizen or national of the United States." (Doc. 313-B.) Thus, the warden denied his request on November 17, 2020. (*Id.*) It appears that Mr. Majalca-Aguilar filed a grievance appealing the denial of his request for compassionate release, which was denied on November 3, 2020. (*See id.* at 7.) Mr. Majalca-Aguilar then appealed the denial, and his appeal was denied on the same grounds. (*See* Docs. 315-G–I.) The Government concedes that

under these circumstances, Mr. Majalca-Aguilar has exhausted his administrative remedies for purposes of his motion. (*See* Doc. 314 at 3.)

Mr. Majalca-Aguilar seeks compassionate release pursuant to § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Mr. Majalca-Aguilar brings his motion under § (1)(D), other reasons. (*See* Doc. 313 at 6.)

Mr. Majalca-Aguilar asserts that "extraordinary and compelling" circumstances exist due to the unprecedented COVID-19 pandemic. (*Id.* at 4.) He argues that his medical conditions put him at risk for severe illness from COVID-19. (*Id.*) The Court agrees that Mr. Majalca-Aguilar suffers from medical conditions that put him at risk for severe illness in the face of COVID-19. He has been diagnosed with type 2 diabetes, hypertension, and high cholesterol. (*See id.*; *see also* Doc. 313-C (statement from Medical Director of Giles W. Dalby acknowledging that Mr. Majalca-Aguilar's medical conditions put him at an increased risk of severe illness from COVID-19).) The Government acknowledges that the CDC lists type 2 diabetes as a condition that puts individuals at an increased risk for severe illness from COVID-19. (Doc. 314 at 5.) *See also People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Mar. 29, 2021). The CDC also lists hypertension as a condition that can make an individual "more likely to get severely ill from

COVID-19." *See id.* Ultimately, the Government concedes and the Court agrees that Mr. Majalca-Aguilar has demonstrated extraordinary and compelling circumstances that may qualify for potential release in the face of the pandemic. (*See* Doc. 314 at 4.)

In addition to finding that an extraordinary and compelling reason exists for a sentence reduction, § 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Section 3142 requires courts to consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Mr. Majalca-Aguilar would pose a danger to public safety if he were to be released. (Doc. 314 at 5.) It emphasizes his role "as the source of supply for a drug distribution ring" and the fact that he received "an aggravating role adjustment as an organizer/leader." (*Id.* at 6.) It asserts that "[t]he seriousness of [his] criminal conduct . . . is reflected in the statutory mandatory minimum of 10 years that applied in this case." (*Id.*) The Court recognizes the seriousness of Mr. Majalca-Aguilar's role and the harm drug trafficking poses to our communities. As serious as Mr. Majalca-Aguilar's conduct was in this offense, however, the Court finds it noteworthy that he had no previous convictions as a juvenile or an adult. (*See* Presentence Report ¶¶ 74–75.) Accordingly, his criminal history score was zero, and his criminal history category was I. (*See id.* ¶ 76.) Moreover, Mr. Majalca-Aguilar has had little or no disciplinary problems while incarcerated, and he has used his time in custody to better himself and prepare for life after prison. (*See* Docs. 313-F; 315 at 4.) He has earned his GED, engaged in substance abuse treatment through Narcotics Anonymous and Alcoholics Anonymous, and completed 37 courses focused on both educational/work development and life skills. (*See* Docs. 313-E–F.)

As the warden recognized in his denial of Mr. Majalca-Aguilar's request for compassionate release, he has a proposed release plan that includes information on where he will reside, how he will support himself, and how he will receive medical treatment. (*See* Doc. 314-1 at 2; *see also* Doc. 315 at 7.) Upon release, he has agreed to be taken into ICE custody and will not contest deportation to Mexico to be with his wife and family. (*See* Docs. 313-A at 1; 315 at 7.)

The Government offers no persuasive reason that the Court may not grant compassionate release and order immediate release from BOP custody to ICE pursuant to the detainer. *See*, *e.g.*, *United States v. Ardila*, No. 3:03-CR-264 (SRU), 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (granting compassionate release to inmate due to pandemic and ordering immediate release to ICE custody "pursuant to [the inmate's] underlying detainer"); *United States v. Molina Acevedo*, No. 18 CR. 365 (LGS), 2020 WL 3182770, at *3 (S.D.N.Y. June 15, 2020) (finding that inmate was "not eligible for home confinement because he is subject to a[n ICE] detainer" but would have otherwise been a candidate and granting compassionate release due to pandemic and ordering immediate release to ICE custody for deportation).

Considering goodtime credits, Mr. Majalca-Aguilar has served over 75% of his 168-month sentence. The undersigned is mindful of the fact that by granting his motion, Mr. Majalca-Aguilar will serve less than the mandatory 10-year minimum sentence. The Court finds, however, that the sentence he has served thus far is adequate under § 3553(a), particularly in the face of this novel pandemic, "a risk that the Court did not anticipate and to which it certainly did not intend to expose Mr. [Majalca-Aguilar] when it sentenced him . . . ." *See United States v. Lopez*, No. 18-CR-2846 MV, 2020 WL 2489746, at *4 (D.N.M. May 14, 2020). Accordingly, the Court will grant Mr. Majalca-Aguilar's motion and reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A).

Prior to his release from BOP custody, Mr. Majalca-Aguilar must quarantine in BOP custody for a period of 14 days to avoid any potential exposure of the community to COVID-19. BOP shall begin calculation of the 14-day quarantine period on the day BOP receives this Order. Finally, Mr. Majalca-Aguilar must test negative for COVID-19 during his quarantine period, subsequent to any positive tests and prior to his release from BOP custody.

**THEREFORE,**

**IT IS ORDERED** that Mr. Majalca-Aguilar's Sealed Motion for Compassionate Release (Doc. 313) is **GRANTED** and his sentence is reduced to time served.

**IT IS FURTHER ORDERED** that Mr. Majalca-Aguilar shall be released into the custody of ICE for removal to Mexico as outlined in this Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE